IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ERICK D. WHITE )
)
v. ) NO: 3:13-1437
)
METRO DAVIDSON COUNTY )
DETENTION FACILITY, et al. )

**O R D E R**

Presently pending before the Court is the plaintiff's letter, dated August 21, 2014, addressed to one of the staff of the Clerk's Office. See Docket Entry No. 47. In his letter, the plaintiff requests assistance with his case and indicates that he believes the staff member to be his "case-worker."

The plaintiff is advised that neither the Court nor the Clerk can provide legal assistance to him and that "case-workers" are not assigned or available to any litigants through the Court or the Clerk's Office. To the extent that the plaintiff's letter can be construed as a motion for the appointment of counsel, the motion is DENIED. The appointment of counsel in a civil case is not a constitutional right and there is no duty to appoint counsel to represent an indigent plaintiff in a civil action. Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003); Willit v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Furthermore, although the Court has discretion in deciding whether to appoint counsel in such cases, it is well settled that appointment should be allowed only in exceptional cases. Lanier, supra; Lavado v. Keohane, 992 F.2d 601, 604-06 (6th Cir. 1993). Although the plaintiff has set out circumstances personal to his situation as a pro se and incarcerated litigant which may create difficulties for him in litigating the case, these difficulties do not rise to the level of exceptional circumstances, and the denial of counsel will not result in any fundamental

unfairness to the plaintiff. There has been no showing that counsel is necessary to present meritorious issues to the Court. See Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982).

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

The Clerk is directed to send a copy of this Order to the plaintiff by regular, first class mail (only).

So ORDERED.

*Juliet Griffin*
JULIET GRIFFIN
United States Magistrate Judge