IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ERICK D. WHITE )
)
v. ) NO. 3:13-1437
)
CORRECTIONS CORPORATION OF )
AMERICA, et al. )

TO: Honorable Aleta A. Trauger, District Judge

### R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered January 17, 2014 (Docket Entry No. 4), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment (Docket Entry No. 32) of Defendants Corrections Corporation of America, Jeffrey Broyles, Blair Leibach, Steven Swerdsky, Staci Turner, and Anisha Woods. The Plaintiff has filed a response in opposition (Docket Entry No. 63 ) to the motion. Also before the Court is the Defendants' reply (Docket Entry No. 66) and the Plaintiff's response to the reply. See Docket Entry No. 68.[1] Set out below is the Court's recommendation for disposition of the motion.

---

[1] The Plaintiff filed a motion for review (Docket Entry No. 68) of the Order entered November 10, 2014 (Docket Entry No. 65), granting the Defendants leave to file a reply. The Court has considered the substance of the Plaintiff's motion in analyzing the motion for summary judgment.

## I. BACKGROUND

On December 20, 2013, the Plaintiff filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 based upon events that occurred during 2013 when he was confined at the Metro-Davidson County Detention Facility ("Detention Facility") as an inmate of the Tennessee Department of Correction ("TDOC").[2] The Detention Facility is operated by Corrections Corporation of America, Inc. ("CCA"), a private entity that has contracted with the Metropolitan Government of Nashville and Davidson County to operate the Detention Facility.

The Plaintiff alleges that, while undergoing an intake screening after arriving at the Detention Facility on or about June 19, 2013, he informed Staci Turner that he was taking Risperdal, a mental health medication that had been prescribed to him by a psychiatrist. See Complaint (Docket Entry No. 1), at 7. The Plaintiff alleges that he was not provided with the medication and, over the course of the next several months, his attempts to obtain the medication and mental health treatment at the Detention Facility were essentially ignored. Id. at 7-10. He names CCA, Detention Facility Warden Blair Leibach, and Staci Turner as defendants to this claim. The Plaintiff makes a similar complaint about his need for an eye examination and for eye glasses and alleges that he suffered migraine headaches because of the lack of eye glasses. He names Leibach, Steven Swerdsky, and Anisha Woods as defendants to this claim. Id. at 11, and Amended Complaint (Docket Entry No. 21), at 3. The Plaintiff's final claim is that, during October 2013, he did not receive "the indigent package," a package of hygiene products that is provided to indigent inmates. He alleges that, although he was

---

[2] On August 5, 2014, the Plaintiff filed a change of address notice indicating that he had been released from confinement, see Docket Entry No. 24, but subsequently filed a second change of address notice indicating that he had been returned to custody, see Docket Entry No. 51, and a third change of address notice indicating that he is currently in the custody of the Davidson County Sheriff's Office. See Docket Entry No. 62.

entitled to receive an indigent package, he never received the package despite making repeated complaints about the matter. See Docket Entry No. 1, at 12. Although it is unclear from the allegations contained in the Complaint, it appears from the content of a grievance provided by the Plaintiff that he asserts that he went approximately 60 days without the hygiene items provided in the indigent package. Id. at 13. Karen Zakinski is the only Defendant specifically named as a defendant to this claim. Attached to the Complaint are copies of the Informal Resolution and Grievance forms filed by the Plaintiff, as well as other documents from the Detention Facility. Id. at 13-31. The Plaintiff requests damages ranging from one million to one hundred million dollars for each of his three claims. Id. at 9 and 11-12.

By the order of referral, the Plaintiff was found to have alleged arguable claims and process was issued to CCA, Jeffrey Broyles, Blair Leibach, Steven Swerdsky, and Staci Turner. The Plaintiff later amended his complaint to add Anisha Woods and Karen Zakinski as defendants to the action. See Docket Entry Nos. 21 and 22. All Defendants except for Defendant Zakinski have been served in the action and have filed an answer to the Complaint and Amended Complaint. See Docket Entry No. 27. A scheduling order (Docket Entry No. 15) was entered setting out deadlines for a period of pretrial activity in the action. All deadlines have expired.

The Defendants raise four arguments in support of their motion for summary judgment. First, they contend that dismissal of the action is required because the Plaintiff did not exhaust his available administrative remedies at the Detention Facility as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Second, they assert that any physical injury suffered by the Plaintiff is no more than a de minimis injury and is not sufficient to support a constitutional claim. Third, Defendant CCA contends that it has been sued merely on the basis of a theory of

3

respondeat superior, which is not sufficient to state a claim under Section 1983. Finally, the individual Defendants argue that there is no proof that any of them acted with deliberate indifference to any serious need of the Plaintiff as is required for a constitutional claim against them. In support of their motion, the Defendants submit their Statement of Undisputed Material Facts (Docket Entry No. 34), the affidavit of James Bridges (Docket Entry No. 35), the affidavit of Broyles (Docket Entry No. 36), the affidavit of Leibach (Docket Entry No. 37), the affidavit of Audrey Rimmer (Docket Entry No. 38), the affidavit of Swerdsky (Docket Entry No. 39), the affidavit of Turner (Docket Entry No. 40), and the affidavit of Woods (Docket Entry No. 41).

The Plaintiff filed a response (Docket Entry No. 63) in which he contends that he attempted to exhaust his grievances at the Detention Facility, that the psychological conditions he suffered because of the alleged wrongdoings are sufficient to support any injury requirement for a constitutional claim, and that there is evidence showing that the Defendants acted with deliberate indifference to his complaints. The Plaintiff also submits a response to the Defendants' Statement of Undisputed Facts. See Docket Entry No. 63-1. In his response, the Plaintiff contends that he cannot dispute or confirm some statements because of his lack of access to his "notes." Id.

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable

jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a

well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

### III. ANALYSIS

Summary judgment should be granted to the Defendants on all claims asserted by the Plaintiff. The allegations in the Plaintiff's Complaint were sufficient to permit the case to survive frivolity review under 28 U.S.C. § 1915(d). See Order (Docket Entry No. 4), at 2-3. However, when a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, such as the motion filed by the Defendants, the non-moving party may not merely rest on allegations contained in his pleadings, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989); Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir. 1986). As the Sixth Circuit has noted, when a Defendant files a motion for summary judgment, the Plaintiff is challenged to "put up or shut up" on a critical issue. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989). Although the Plaintiff is proceeding pro se, his pro se status does not relieve him of the obligation under Rule 56 to set forth admissible evidence showing that genuine issues of material fact exist which require that the action proceed to trial. This

is the threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. Sixty Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987).

The Plaintiff has not set forth any actual evidence supporting his claims or rebutting the evidence presented by the Defendants. Factual statements opposing summary judgment must be submitted in the form of an affidavit to which the affiant has sworn, a statement submitted under the penalty of perjury in accordance with 28 U.S.C. § 1746, deposition testimony, and/or answers to discovery requests. Factual statements not in these forms should be disregarded by the Court. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n.17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 969 (6th Cir. 1991). It is the Plaintiff's burden to point to specific admissible evidence that supports his claim. Lujan, 497 U.S. at 888; Banks, 330 F.3d at 892. Although the Plaintiff filed a response to the Defendants' Statement of Undisputed Facts, he has not supported his response with an affidavit, with any other type of sworn evidence, or with reference to any evidence submitted by the Defendants. Additionally, although the Plaintiff contends that his continued incarceration has prevented him from obtaining "paperwork" at his home residence that he contends will support his claims, see Docket Entry No. 68, at 1-2, he fails to specifically identify what paperwork to which he refers and how such paperwork would support his claims.

However, even if the Plaintiff had properly supported his response, summary judgment would be warranted in favor of the Defendants because there is no evidence supporting a claim that the Plaintiff's constitutional rights were violated in any manner. Any factual questions that exist do not rise to the level of genuine issues of material fact requiring that this action proceed to trial.

7

The Constitutional standards for the claims raised by the Plaintiff are well settled. The Eighth Amendment prohibits the wanton and unnecessary infliction of pain upon a prison inmate. Whitley v. Albers, 475 U.S. 312, 319-20, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). This constitutional protection prevents prison officials from depriving inmates of "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), and basic elements of personal hygiene have been found to be within the realm of life's minimal necessities. See Parrish v. Johnson, 800 F.2d 600, 609 (6th Cir. 1986). Further, the Eighth Amendment imposes upon the government a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Because the Eighth Amendment does not protect against ordinary torts or claims of negligence, the Plaintiff's claims require proof of a level of objective severity and mental culpability that is necessary to implicate constitutional protections. The Plaintiff must show that he was subjected to deprivations that are of a constitutional magnitude. See Hudson v. McMillian, 503 U.S. 1, 9-10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Only deprivations of "the minimal civilized measure of life's necessities" are grave enough to constitute a violation of the Cruel and Unusual Punishment Clause. Rhodes, supra; Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004). The Eighth Amendment is not violated by prison conditions which are harsh, Rhodes, 452 U.S. at 347, and "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987). Further, conditions of confinement that are temporary in nature rarely rise

8

to the level implicating constitutional concern. See Dellis v. Corrections Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001). With respect to allegations of inadequate medical treatment, a plaintiff must show that he had a "sufficiently serious" medical need, Blackmore v. Kalamazoo Cnty., 390 F.3d 890, 897 (6th Cir. 2004); Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001), and that the defendant acted with deliberate indifference, as opposed to mere inattentiveness. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The Plaintiff's allegation that he went for 30 to 60 days without an "indigent package," is not, by itself, sufficient to support a constitutional claim. He does not allege that he was denied access to a shower or prevented from washing. Indeed, he does not even allege that he was without hygiene items, only that he did not get the "indigent package" that he believes he deserved in October. Further, the Plaintiff has not set forth any evidence showing that he suffered an actual and substantial risk of serious damage to his health because of a lack of hygiene items. See Farmer, 511 U.S. at 834; Helling v. McKinney, 509 U.S. 25, 36, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). While the Plaintiff may have had to endure a period of time when he did not have some hygiene items, his allegations evidence only an unpleasant and temporary condition that will not support a constitutional claim. See Dellis, supra; Ivey, supra.

With respect to the Plaintiff's allegations that he was denied a prescription mental health medication, mental health treatment, and an eye examination and eye glasses, the undisputed evidence before the Court shows that he was, in fact, seen by medical care providers at the Detention Facility on no less than eleven occasions regarding mental health issues and his need for medication, see Affidavit of Turner (Docket Entry No. 40), and was also examined by an optometrist and provided with eye glasses within approximately four months of his arrival at the Detention Facility.

See Affidavit of Bridges (Docket Entry No. 35). The Plaintiff's complaints that the health care providers did not give him a particular medication and did not provide him with an eye examination or with eye glasses[3] in as prompt a time frame as he desired simply do not provide a basis for a constitutional claim. The undisputed evidence clearly shows that the Plaintiff's medical issues were not ignored.

No reasonable jury could find that any of the Defendants treated the Plaintiff with deliberate indifference with respect to his medical needs as is required for a constitutional claim. See Farmer, supra; Estelle, supra. At best, the Plaintiff's claim essentially amounts to his personal displeasure with the adequacy of the treatment he received and his desire for a particular medication. Although "medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference," Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 843–44 (6th Cir. 2002) (internal quotation marks and citation omitted), the evidence before the Court does not even come close to supporting such a conclusion. When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law, Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976), and it is well settled that neither negligence nor medical malpractice will support a constitutional claim. See Estelle, 429 U.S. at 106; Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990); Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985). Although the care the Plaintiff received at the Detention Facility may not have been the same as he might have received had he not been incarcerated and had he sought treatment on his own from

---

[3] The Court notes that the Plaintiff does not allege that he arrived at the Detention Facility already wearing eye glasses, and he has provided no evidentiary support for his assertion that he is "legally blind." See Docket Entry No. 63-1, at ¶ 14.

private medical care providers, the Eighth Amendment does not guarantee that a prison inmate receive the "optimum or best medical treatment." Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978).

Because the Court finds that there is no evidence supporting the underlying merits of the Plaintiff's claims that his constitutional rights were violated, it is unnecessary to fully address the Defendants' alternative arguments for summary judgment. With respect to the exhaustion requirement of 42 U.S.C. § 1997e(a), however, the Defendants' evidence adequately raises the defense of lack of exhaustion. Although the Plaintiff asserts that he pursued all applicable grievances and that the absence of paperwork showing that he exhausted his remedies is attributable to the negligence or fault of officials at the Detention Facility, see Docket Entry No. 63-1 at 1-3, his failure to provide affirmative evidence supporting his assertions renders his response to the affirmative defense of exhaustion inadequate to rebut the defense.

The record in this action shows that a summons was issued for Defendant Karen Zakinski on July 29, 2014, but was returned unexecuted, see Docket Entry No. 31, and that this Defendant has not appeared in the action and waived the lack of proper service of process. In accordance with Rule 4(m) of the Federal Rules of Civil Procedure, Defendant Zakinski is subject to dismissal because she has not been properly served within 120 days and the Plaintiff has not shown good cause for failing to timely serve this Defendant. Furthermore, any claim against Defendant Zakinski would be subject to dismissal on the merits because the only claim against her is based upon the Plaintiff's allegations regarding the "indigent package," which the Court has found are insufficient to support a constitutional claim.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that the Defendants' motion for summary judgment (Docket Entry No. 32) be GRANTED and this action be DISMISSED WITH PREJUDICE as to all claims and defendants.

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge